UNITED STATES of America

v.

John POZSGAI.

Cr. A. No. 88–00450–01.

United States District Court,
E.D. Pennsylvania.

March 5, 1991.

Christopher R. Hall, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Paul D. Kamenar, Washington Legal Foundation, Washington, D.C., for defendant.

## MEMORANDUM

KATZ, District Judge.

Defendant seeks a reduction or correction of sentence.

Defendant owned and operated a truck repair business in Morrisville, Pennsylvania. Defendant decided to buy an adjoining 14–acre tract in order to expand his business.

While defendant was negotiating to purchase the tract, he learned from engineering consultants that the tract met the criteria established by the Corps of Engineers for protected "wetlands". Shortly after he began purchasing the tract, however, defendant began depositing fill material onto the tract without obtaining approval of the Corps of Engineers. In April 1987, a Corps of Engineers inspector visited defendant at the site and confirmed that the tract contained wetlands protected under federal law. As a result, the inspector warned defendant that federal law prohibited him from continuing to deposit fill onto the land without first obtaining the necessary permits and authorization.

Despite repeated warnings, defendant continued to have truckloads of fill material—mainly construction and excavation debris—dumped onto the site. In September 1987, the Corps of Engineers notified defendant by letter that his unauthorized filling was in violation of the Clean Water Act and directed him to cease and desist. Defendant ignored the notice and continued to deposit fill onto the site. After continued monitoring the United States Environmental Protection Agency notified defendant in early December 1987 that his "filling without a permit is a violation of the Clean Water Act" that could subject him to penal sanctions. After receiving the notice, defendant continued filling the site.

As a result, the Corps of Engineers issued defendant a second notice of violation on December 17. That notice reiterated the earlier warnings.

The notice again advised defendant to stop his unlawful filling and instructed him to apply for a permit if he wished to resume his activities.

The filling process continued in spite of the warnings. On August 24, 1988, the United States Attorney filed a civil action against defendant and obtained a temporary restraining order directing defendant

immediately to stop discharging fill material onto the wetlands site. Over the next several weeks, however, truckloads of fill material continued to be dumped onto the site.

Stating that "[i]t's hard to visualize a more stubborn violator of the laws that were designed to protect the environment," the court sentenced defendant to a three-year term of imprisonment on Counts 1–14 (the pre-Guidelines counts), a concurrent term of 27 months' imprisonment on Counts 16–41 (the counts governed by the Guidelines), a five-year term of probation on Count 15, and a one-year term of supervised release on the Guidelines counts. The court also ordered defendant to pay a fine of $5,000 on each count, for a total of $200,000, and as a condition of probation, the court ordered defendant to comply with a restoration plan for the wetlands site.

The fine imposed on each count was at the bottom of the range prescribed by Congress. Under Section 309(c)(2) of the Clean Water Act, 33 U.S.C. § 1319(c)(2), any person found guilty of an offense "shall be punished by a fine of not less than $5,000 nor more than $50,000 per day of violation, or by imprisonment for not more than 3 years, or by both." Defendant stood convicted of 40 separate violations, and thus faced a fine of up to $2,000,000.

Granted that the fine imposed is not mandatory, the combined fine and imprisonment are necessary to deter defendant and others who might be tempted to defy the criminal laws of the United States designed to protect the environment. This defendant has shown no remorse. According to the presentence report, he owns real estate. Under this court's judgment, the fine shall be paid "as the probation department determines he is able." The five year period of probation following his release from imprisonment is necessary for his implementation of a restoration plan to correct the damage he did.[1] The effective term of imprisonment is specified by the Sentencing Commission Guidelines which

are binding on this court. The jury has spoken. This court has ruled. The Court of Appeals has ruled. The Supreme Court denied certiorari. The sentence stands.

---

1. Nor was the damage abstract. A neighboring landowner testified at trial to damage to his building when the rains came.